UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEVIN J. BECKER,

        Plaintiff,

    v.                                    23-CV-1209-LJV
                                                  DECISION & ORDER

CITY OF BUFFALO, et al.,[1]

        Defendants.

---

Before the Court is the defendants' motion to dismiss for lack of personal jurisdiction due to insufficient service of process. Docket Item 3. Following the motion, the pro se plaintiff, Kevin Becker, successfully served the defendants—albeit outside the 90-day period for timely service.[2] *See* Docket Item 8. The defendants then replied, Docket Item 10, and Becker filed a sur-reply, Docket Item 11. For the reasons that follow, this Court denies the defendants' motion.[3]

---

[1] Although the face of the complaint lists "City of Buffalo Law Department" as the first defendant, *see* Docket Item 1 at 1, the civil cover sheet, affidavit of service, and the parties' briefing refer to the first defendant as "City of Buffalo," *see* Docket Item 1 at 10; Docket Item 3 at 1; Docket Item 7 at 1; Docket Item 8 at 1; Docket Item 9 at 1; Docket Item 10 at 1. This Court, like the parties, construes the complaint as being against the City of Buffalo. The Clerk of Court shall correct the docket sheet to list "City of Buffalo" as a defendant instead of "City of Buffalo Law Department."

[2] As noted, the defendants initially moved to dismiss based on both insufficient process and service of process. Docket Item 3. But because it is undisputed that the defendants have now been served with process, *see* Docket Item 10 at 1, only the timeliness of the service of process remains at issue.

[3] Becker subsequently filed a motion to expedite this Court's decision on the defendants' motion to dismiss. Docket Item 12. The motion to expedite is denied as moot.

**DISCUSSION**

Federal Rule of Civil Procedure 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, "[i]t is undisputed that the defendants were served with process 113 days after the complaint was filed, 23 days past the 90-day deadline of [Rule] 4(m)." *See* Docket Item 10 at 1 (citation omitted).[4] According to Becker, this delay was caused by his process server's confusion about whether the deadline for service was 90 or 120 days and by the server's failure to "respond[] in a timely manner." *See* Docket Item 9 at ¶¶ 6-7. The defendants counter that Becker has not demonstrated good cause; they say that although Becker "attempts to explain the late service by placing blame on the process server, . . . there is no affidavit from the process server or any other evidence to support the reason Becker proffers for the failure." Docket Item 10 at 1.

But this Court need not decide whether Becker has established good cause for his failure to effect service because the Court has the "discretion to grant extensions even in the absence of good cause." *See Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007). And even if Becker has not shown good cause, the circumstances here warrant the exercise of that discretion. *Cf. Klein v. Dep't of Veterans Affs.*, 2019 WL 1284270, at *3 (W.D.N.Y. Mar. 20, 2019) (declining to "reach the issue of whether [the plaintiff had] demonstrate[d] good cause for the failure to effectuate service

---

[4] Page numbers in docket citations refer to ECF pagination.

because . . . even in the absence of good cause, [the court would] use its discretion to extend the time allowed").[5]

"When determining whether to give a discretionary extension," courts in this circuit generally weigh four factors:

> (1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether [the] defendant attempted to conceal the defect in service; and (4) whether [the] defendant would be prejudiced by extending [the] plaintiff's time for service.

See id. at *2 (quoting DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010)).  Those factors weigh heavily in Becker's favor.

First, Becker's statute of limitations—90 days from the notice of his right to sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC")—expired on November 21, 2023.  See Docket Item 1 at 8 (notice of right to sue letter dated August 23, 2023); see also Hertzner v. U.S. Postal Serv., 2007 WL 869585, at *7 (E.D.N.Y. Mar. 20, 2007) (finding that the statute of limitations factor weighed in favor of plaintiff when more than 90 days had passed since EEOC's notice of right to sue letter). Second, there is no indication that the defendants would be unduly prejudiced by an extension; indeed, their reply memorandum is focused on Becker's failure to show good cause and does not refer to any prejudice that allowing an extension would cause them. See Docket Item 10 at 1-4; Klein, 2019 WL 1284270, at *3.  So both of those factors strongly favor Becker.

---

[5] Although this Court does not reach the issue of whether Becker has shown "good cause," it observes that because Becker proceeds pro se, it must "construe [his] submissions . . . liberally 'to raise the strongest arguments they suggest.'"  Corley v. Vance, 365 F. Supp. 3d 407, 432 (S.D.N.Y. 2019) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

Third, it is not clear from the record whether the defendants had actual notice of Becker's claims prior to the expiration of the service period,[6] so that factor is neutral. Finally, there is no suggestion that the defendants attempted to conceal a service defect. But even assuming that factor weighs against Becker, *see Hertzner*, 2007 WL 869585, at *7, it would not come close to outweighing the two factors in his favor.

For all those reasons, this Court exercises its discretion to extend Becker's deadline for service nunc pro tunc. The defendants' motion to dismiss is therefore denied.

## **CONCLUSION**

For the reasons explained above, the defendants' motion to dismiss, Docket Item 3, is DENIED. Becker's motion to expedite, Docket Item 12, is DENIED AS MOOT. The defendants shall answer the complaint within 14 days of the date of this decision and order. *See* Fed. R. Civ. P. 12(a)(4)(A).

SO ORDERED.

Dated:   March 10, 2025
         Buffalo, New York

                                           ***/s/ Lawrence J. Vilardo***
                                           LAWRENCE J. VILARDO
                                           UNITED STATES DISTRICT JUDGE

---

[6] The defendants say that they were not served until March 13, 2024, but they say nothing about whether they knew about the claims before that. *See* Docket Item 3 at 2.